IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00316-KLM

SIA CAPITAL OPTIONS FUND LP, a Texas limited partnership,

Plaintiff,

v.

BEARCAT ENERGY LLC, a Colorado limited liability company, and
J. KEITH EDWARDS, individually,

Defendants.

---

**DEFENDANTS' MOTION TO DISMISS**

---

Defendants, BEARCAT ENERGY LLC and J. KEITH EDWARDS, by undersigned counsel, move for dismissal of plaintiff's complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

**Introduction**

Plaintiff SIA Capital Options Fund LP ("SIA") seeks to recover funds from defendants Bearcat Energy LLC and J. Keith Edwards pursuant to a promissory note. SIA asserts state law claims for breach of contract, unjust enrichment, and conversion. SIA seeks to invoke the court's diversity jurisdiction under 28 U.S.C. § 1332; however, at least one of SIA's partners is a citizen and domiciliary of Colorado, as are both defendants. Accordingly, defendants request dismissal of the complaint for lack of subject matter jurisdiction.

**Argument**

The diversity statute provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states." 28 U.S.C. § 1332. Complete diversity of citizenship is required. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990) (citing *Strawbridge v. Curtis*, 2 L.Ed. 435 (1806)). For purposes of diversity jurisdiction, the citizenship of an artificial entity is determined by the citizenship of all of its members. *Id*. at 195–196. A limited partnership takes on the citizenship of each of its partners. *Id.*

"Since federal courts are courts of limited jurisdiction, there is a presumption against [federal] jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Penteco Corp. Ltd. P'ship--1985A v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). The party seeking to invoke diversity jurisdiction "must allege in his pleading the facts essential to show jurisdiction." *Id.* (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)) (internal quotation marks omitted).

The Complaint alleges that SIA is a limited partnership organized under Texas law with its principal place of business in Grapevine, Texas, but does not allege SIA's citizenship or the citizenship of any of SIA's partners. The promissory note, attached to the Complaint, is signed by "Jackson Lounsberry, Partner, SIA Capital Options Fund I." Doc. 1-1 at 4. Lounsberry is a citizen of Colorado for purposes of diversity jurisdiction. *See* Ex. A, Aff. of Keith Edwards. Accordingly, plaintiff is not diverse from defendants. The court therefore lacks subject matter jurisdiction over plaintiff's claims, all arising under state law.

**Conclusion**

Defendants request dismissal of the complaint for lack of subject matter jurisdiction. Plaintiff has failed to establish diversity jurisdiction because plaintiff is a citizen of the same state as both defendants.

Respectfully submitted,

By s/Leslie L. Schluter / Katrina Brannan
Leslie L. Schluter
Katrina M. Brannan
DAGNER | SCHLUTER | MITZNER | WERBER, LLC
5105 DTC Parkway, Suite 250
Greenwood Village, CO 80111
Telephone: (720) 259-2542
Fax: (303) 221-4594
E-mail: lschluter@lawincolorado.com
E-mail: kbrannan@lawincolorado.com

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on March 14, 2016, I electronically filed the foregoing **DEFENDANTS' MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Lars Johnson, Esq. (lars_johnson@me.com)

s/Marisa Showalter
Paralegal